UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILFREDO VIERA ORTIZ,

      Petitioner,

    v.

DEPARTMENT OF HOMELAND
SECURITY *et al.*,

      Respondents,

Case No.:  2:26-cv-00597-SPC-DNF

## **OPINION AND ORDER**

Before the Court are petitioner Wilfredo Viera Ortiz's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Viera Ortiz is a native of Cuba who entered the United States on December 21, 1994.  He unsuccessfully applied for legal permanent resident status in 2008.  On March 23, 2016, an immigration judge ordered Viera Ortiz removed to Cuba, and Viera Ortiz waived his right to seek asylum or withholding of removal.  Immigration and Customs Enforcement ("ICE") later released him under an order of supervision.

On October 27, 2025, Viera Ortiz reported to ICE for a routine check-in, and ICE revoked his release and detained him.  Viera Ortiz argues his detention without a bond hearing is unnecessary and excessively prolonged, especially in light of his diagnosis of epilepsy.

Viera Ortiz is not entitled to habeas relief based on a claim of inadequate access to medical care. A "§ 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement." *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015). "And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim." *Id.*

Nor is Viera Ortiz entitled to a bond hearing. Because he is subject to a final order of removal, his detention is governed by 8 U.S.C. § 1231(a). The Supreme Court has held that § 1231(a) does not require bond hearings. *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 582 (2022).

Viera Ortiz also challenges the duration of his confinement. "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention

unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001).

If removal is not practically attainable, detention no longer serves its statutory

purpose of "assuring the alien's presence at the moment of removal." *Id.* at

699. The Court found it unlikely Congress "believed that all reasonably

foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for

the sake of uniform administration in the federal courts," it established a

"presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days. *Id.* Courts use a burden-shifting

framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe
> that there is no significant likelihood of removal in the reasonably
> foreseeable future, the Government must respond with evidence
> sufficient to rebut the showing.

*Id.*

The respondents argue Viera Ortiz's petition is premature because his

current detention has not exceeded 180 days. They assume the six-month

presumptively reasonable period of detention resets each time a noncitizen is

detained. That assumption is inconsistent with *Zadvydas.* It would effectively

allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by

releasing and re-detaining them every 180 days. As the Eleventh Circuit

recognized, "[t]he Supreme Court's stated rationale for establishing a

presumptively reasonable '6-month period' for detention pending removal

supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Viera Ortiz has not carried his initial burden. The record before the Court contains no information about past or present efforts to execute the removal order, except for a vague claim that Viera Ortiz stated he would not go to Mexico. Even when reading his *pro se* petition liberally, there is no basis for the Court to conclude that removal is not likely in the reasonably foreseeable future.

Because Viera Ortiz has not carried his initial burden under *Zadvydas*, the Court will dismiss his petition without prejudice. If Viera Ortiz can establish a good reason to believe removal is not likely in the reasonably foreseeable future, he may file a new petition.

Accordingly, it is hereby

**ORDERED:**

Wilfredo Viera Ortiz's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record